MICHAEL BAILEY
First Assistant United States Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Attorney for Plaintiff

FILED ___ LODGED
___ RECEIVED ___ COPY

JUL 9 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | 19-00542 M |
|---|---|
| Plaintiff, | PLEA AGREEMENT (Flip-Flop) |
| vs. | Fast Track 5K3.1 |
| Claudia Duran-Pena, | |
| Defendant. | |

The parties enter into the following agreement:

1. Defendant will enter a plea to Count 2 of the complaint, Fraud and Related Activity in Connection With Identification Documents, a misdemeanor offense, in violation of Title 18, United States Code, Section 1028(a). This plea will occur no later than the time set for detention hearing/preliminary hearing.

2. The government will dismiss Count 1 of the complaint, Aggravated Identity Theft, a felony, in violation of Title 18, United States Code, and Section 1028A. This charge, if proven, carries a minimum mandatory two-year sentence consecutive to any other sentence imposed, a fine of $250,000, three years supervised release, and a $100 special assessment. The government will dismiss this charge at the time of sentencing.

3. The maximum penalties for the offense to which the defendant is pleading are not more than one (1) year in custody, a $100,000 fine, $25 special assessment, and up to one year supervised release.

4. Pursuant to this plea agreement and Rule 11 (c)(1)(C) Fed R. Crim. P., the government and the defendant stipulate and agree to a sentence of 95 consecutive days of imprisonment which will commence at the time of plea and sentencing. Defendant is to

- 1 -

receive credit for all time he/she has served to date and shall be deducted from the stipulated sentence.

5. The parties waive a Pre-Sentence Report and agree that sentencing will occur on the date of the change of plea. The defendant understands and agrees that this plea agreement contains all terms, conditions, and stipulations regarding sentencing. If the court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

6. Provided the defendant receives a sentence in accordance with this agreement, the defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the complaint, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The sentence is in accordance with this agreement if the sentence imposed is within the stipulated sentence of imprisonment. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals); (3) any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and (4) any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel or an otherwise-preserved claim of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7. The elements of the offense to which the defendant is pleading guilty are:

(a) Defendant knowingly possessed an Identification document, authentication feature or false identification; and

(b) Defendant possessed the document or feature with the intent to defraud the United States.

8. The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that he/she has discussed this eventuality with his/her attorney. The defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

9. The parties agree that this written plea agreement and an addendum contain all the terms and conditions of the defendant's guilty plea.

//
//
//
//
//
//
//
//
//

10. Factual Basis for Plea:

On or about June 30, 2019, at or near Nogales, in the District of Arizona, I, Claudia Duran-Pena, presented a Border Crossing Card, Form DSP-150 which was issued in a name other than my own and to a real person as proof of my lawful authority to enter into the United States so that I could gain unlawful entry into the United States. I am a Mexican citizen present in the United States illegally.

Dated this 3 day of julio, 2019.

_[signature]_
Claudia Duran-Pena
Defendant

_[signature]_
Defense Counsel

MICHAEL BAILEY
United States Attorney
District of Arizona

_[signature]_
U.S. Attorney